# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50315 | **DATE** | 10/11/2011 |
| **CASE TITLE** | Experience Based Learning, Inc. v. Florida Eco-Safaris, Inc. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [26] is denied. Plaintiff's motion to strike defendant's reply [46] is denied as moot.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Experience Based Learning, Inc., an Illinois corporation, filed a two-count complaint against defendant, Florida Eco-Safaris, Inc., a Florida corporation, alleging breach of contract and conversion. Now pending are defendant's motion to dismiss plaintiff's amended complaint and plaintiff's motion to strike defendant's reply to the motion to dismiss.

### I. BACKGROUND

    In its amended complaint, plaintiff alleges the following facts. Plaintiff is an Illinois corporation with its principal place of business in Winnebago County, Illinois, that is engaged in the business of designing, installing, providing training for, and manufacturing zip line and canopy tours, zip line tower structures, and ecology tours that use zip lines for the purpose of adventure travel. Defendant is a Florida corporation with its principal place of business in Osceola County, Florida, that is engaged in the business of providing eco-adventure programs for corporations, youth, community groups, and tourists at a property in or around Osceola County (the "Property").

    On or about October 2, 2008, plaintiff and defendant entered into a written lease contract (the "Lease"), which requires plaintiff to provide, install, repair, replace, and maintain a zip line/canopy tour (the "Tour") on the Property and to provide annual training to defendant's employees with respect to the safe operation of the Tour. Section 2.1 of the Lease provides that the initial term of the Lease is five years unless the Lease is sooner terminated by plaintiff in accordance with the terms set forth therein. Section 3 of the Lease provides that during the term, defendant will pay plaintiff rent in an amount equal to 30% of the monthly gross revenues received by defendant from its operation of the Tour in monthly installments. Section 3.b of the Lease provides that in the event it is determined that any sums required to be paid by defendant are not received by plaintiff within 15 days of the date on which such sums become due, defendant will be liable to plaintiff for late fees equal to five percent of the amount past due. Section 10.b of the Lease provides that the minimum fee to be charged to an individual customer of defendant for participation in the Tour is $75.00. Section 16 of the Lease provides, in pertinent part, that each of the following will constitute an event of default under the Lease: (a) failure by defendant to pay any

installment of rent within thirty days after the date on which such installment becomes due; or (b) any breach or failure of plaintiff or defendant to observe or perform any of its other obligations under the Lease that continues for thirty days after notice in writing of such default. Plaintiff is the owner of the personal property comprising the Tour, including, but not limited to, zip lines, towers, suspension bridges, walk alongs, safety equipment, helmets, lanyards, harnesses, carabineers, pulleys, wire rope and clamps (the "Equipment").

Beginning in or about April 2009 and continuing at least through October 28, 2010, defendant reduced its monthly payments to plaintiff under the Lease to 15% of the gross revenues defendant received from the operation of the Tour. On information and belief, plaintiff alleges that defendant has charged certain individual customers participating in the Tour a fee less than the $75.00 minimum fee required under the Lease. On or about November 5, 2010, plaintiff forwarded defendant a written notice of its election under Section 16 of the Lease to terminate the Lease as a result of defendant's default and demanded that defendant permit plaintiff to access the Property to remove the Equipment. Defendant has not permitted plaintiff to access the Property to remove the Equipment or any portion thereof. Plaintiff alleges that defendant is wrongfully detaining the Equipment and continuing to use the Equipment for its own benefit, and requests damages in excess of $428,000, including costs and attorney's fees.

## II. ANALYSIS

### A. Defendant's Motion to Dismiss

Defendant moves to dismiss plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). First, defendant contends that plaintiff's termination of the Lease was ineffective because plaintiff did not repossess and remove the Equipment from the Property as required by Section 16 of the Lease. Defendant claims that until plaintiff repossesses the Equipment, the Lease is still in effect and any alleged defaults thereunder are not actionable, such that claims for breach of contract and conversion are premature. In addition, defendant argues that the amended complaint is subject to dismissal because plaintiff failed to name as a party the Allen Broussard Conservancy (the "Conservancy"), the entity that owns the Property. Defendant alleges that the Conservancy is a necessary party to the suit pursuant to Rule 19(a) because termination of the Lease requires entering the Conservancy's land to remove the Equipment.

The court finds defendant's first claim, that plaintiff's termination of the Lease was ineffective because plaintiff did not repossess the Equipment, unpersuasive. As plaintiff notes in its response, the language of Section 16 of the Lease is at least ambiguous as to whether removal of the Equipment is a condition precedent to termination of the Lease. Section 16 of the Lease states, in pertinent part:

"[u]pon the occurrence of any default by FES, EBL, as its sole remedy, may terminate the lease upon written notice to FES and after 24 hours written notice enter upon the Premises with an FES representative to repossess and remove the Equipment. Any such repossession shall constitute a termination of this Lease . . . ."

This language may reasonably be read as indicating either (1) that termination is effective upon written notice to defendant, and that repossession of the Equipment triggers the end of the term during which rent is payable; or (2) that termination is effective only upon both written notice and repossession of the Equipment. The meaning of ambiguous contract language is a question of fact beyond the scope of the court's inquiry on a motion to dismiss pursuant to Rule 12(b)(6). <u>La Salle Nat'l Bank v. Serv. Merch. Co.</u>, 827 F.2d 74, 78 (7th Cir. 1987). The court therefore finds unpersuasive defendant's claim that plaintiff's termination of the Lease was ineffective, and defendant's motion to dismiss will not be granted on this basis.

The court further finds unpersuasive defendant's argument that the amended complaint is subject to dismissal because plaintiff failed to name the Conservancy as a party pursuant to Rule 19. With respect to a Rule 12(b)(7) motion, the burden is on the movant to show that the "missing" party is necessary for the case to

| STATEMENT |
|---|

proceed. <u>Martin v. Local 147, Int'l Bhd. of Painters</u>, 775 F. Supp. 235, 236 (N.D. Ill. 1991). Here, plaintiff argues that the Conservancy is a necessary party and that this court lacks personal jurisdiction over the Conservancy, a Florida corporation without minimum contacts with Illinois. Plaintiff contends that the Conservancy is a necessary party under Rule 19(a)(1)(A) because neither plaintiff nor defendant may enter the Conservancy's land to remove the Equipment without the Conservancy's permission. The court disagrees. Because plaintiff does not seek equitable relief such as replevin, but only monetary compensatory damages, punitive damages, attorney's fees and costs, the court is able to accord complete relief among the existing parties without ordering entry onto the Conservancy's property. Plaintiff and defendant are the only parties bound by the terms of the Lease, and plaintiff only seeks contract damages under the Lease. It is not necessary to join the Conservancy as a party to accord complete relief to plaintiff, and so defendant's motion to dismiss is denied.

### B. Plaintiff's Motion to Strike Defendant's Reply

Plaintiff asks the court to strike portions of defendant's reply in support of defendant's motion to dismiss that raise new arguments not mentioned in the motion to dismiss. Specifically, plaintiff alleges that in its motion to dismiss, defendant confined its Rule 12(b)(6) argument to two assertions: (1) that plaintiff's breach of contract claim was premature because repossession of the Equipment is a condition precedent to terminating the Lease and bringing a claim for unpaid rents; and (2) that plaintiff's conversion claim was inappropriate because plaintiff has not repossessed the Equipment, so the Lease remains in effect and defendant's continued possession of the Equipment is not wrongful.

Plaintiff argues that the following claims in the reply brief should be stricken because they were not raised in defendant's motion to dismiss: (1) that plaintiff's breach of contract and conversion claims are redundant because they seek the same relief; (2) that the court treat defendant's motion to dismiss as a motion for summary judgment pursuant to Rule 12(d); and (3) that defendant has permitted plaintiff access to the FES Property to retrieve the Equipment, to the extent such claim is based on extrinsic evidence.

Arguments raised for the first time in a reply brief are waived and should be disregarded or stricken. <u>In re Sulfuric Acid Antitrust Litig.</u>, 231 F.R.D. 320, 329 (N.D. Ill. 2005). As such, the court agrees that any arguments set forth by defendant in its reply that were not originally raised in the motion to dismiss should be stricken. Nevertheless, the court has reviewed all of the arguments set forth in defendant's reply and finds that even if the court were to consider those not previously raised, such consideration would not change the court's ruling on the motion to dismiss. Plaintiff's motion to strike is therefore denied as moot.

### III. CONCLUSION

Defendant's motion to dismiss is denied. Plaintiff's motion to strike defendant's reply is denied as moot.